UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL WILLIAMS,

                Plaintiff,

                                                     **Hon. Hugh B. Scott**

                                                     **12CV392G**

            v.

                                                       **Report**
                                                         **&**
                                                   **Recommendation**

JAMES CONWAY, et al.,

                Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (see Docket No. 36). The instant matter before the Court is motion of defendants (Docket No. 29) to compel plaintiff to submit medical authorization forms and to preclude plaintiff from offering evidence of any alleged injury, under Federal Rule of Civil Procedure 37(c)(1) (Docket No. 29). Given the evidence preclusion sought, this Court issues this Report & Recommendation.

Responses to this motion were due August 17, 2015 (Docket No. 30), with plaintiff's late response (Docket Nos. 31, 32) accepted upon his motion (Docket No. 33) for leave to file late (Docket No. 34). Reply was due August 24, 2015 (Docket No. 30), which defendants timely filed (Docket No. 35). This matter was submitted, without oral argument, on August 24, 2015 (see Docket No. 30). The deadlines in the Scheduling Order (Docket No. 28) were held in abeyance pending this motion (Docket No. 30).

**BACKGROUND**

Plaintiff filed this civil rights action (initially pro se as an inmate) alleging excessive force while an inmate at the Attica Correctional Facility ("Attica") on October 8, 2011. He alleges that he was attacked by another inmate and defendant corrections officers applied excessive force in subduing plaintiff. (Docket No. 1, Compl.; Docket No. 6, Supp. to Compl.) Plaintiff also contends that officers threatened him after this attack and medical treatment (Docket No. 1; Docket No. 6). In this motion the parties differ on the underlying facts (compare Docket No. 29, Defs. Atty. Decl. ¶¶ 1, 5-8 with Docket No. 32, Pl. Memo. at 1-2), but these differences are not pertinent to this discovery motion.

Defendants answered on December 17, 2014 (Docket No. 13). Plaintiff later retained counsel (Docket No. 25, appearance filed Aug. 30, 2015; see Docket No. 29, Ex. A).

*Defense Motion to Compel and to Preclude*

After recounting discovery activities by plaintiff since he retained counsel (Docket No. 29, Defs. Atty. Decl. ¶¶ 14-37), defendants move to compel medical authorizations to enable them to obtain plaintiff's medical records from Erie County Medical Center ("ECMC") for his treatment after the October 8, 2011, incident (id. ¶¶ 1, 38). Authorization requests were sent to plaintiff while he was pro se on February 5, March 31, and April 16, 2015 (id. ¶ 39, Exs. B, C, D), but he did not respond to these requests (id. ¶ 40). Plaintiff now argues that his questions to defense counsel about these authorizations and whether authorizations were needed to obtain records from the Department of Corrections and Community Supervision ("DOCCS") were ignored (Docket No. 32, Pl. Memo. at 3). Defendants' requests for executed authorizations were

renewed when counsel represented plaintiff (Docket No. 29, Defs. Atty. Decl. ¶¶ 41-44, Ex. F) but plaintiff's counsel did not respond (see id. ¶ 46, Ex. G).

Defendants sent a mental health authorization, to aid in responding to plaintiff's discovery demands seeking his mental health records, and plaintiff would not execute the mental health authorization since he was not claiming "'garden variety' psychological injuries" and deeming his mental health history is irrelevant (id. ¶ 47, Ex. H). Defense counsel responded that the authorization was still needed (id. ¶ 48, Ex. H). Plaintiff's counsel did not object to the authorization but did raise objections to a confidentiality stipulation (id. ¶ 49, see id. Ex. I).

Plaintiff then submitted an authorization for ECMC notarized by him (id. ¶ 50, Ex. J). Deeming this to be a falsely notarized authorization, defendants demanded a new authorization (id. ¶ 51, Ex. K). Plaintiff's counsel explained that plaintiff did not know how to execute a notarized authorization and a new one would be sent to him (id. ¶ 52, Ex. L). After waiting two weeks, plaintiff's counsel provided authorizations that had the documents produced to plaintiff's counsel rather than to the defense (id. ¶ 53, Ex. M), these forms also were not notarized (see id. Ex. M). Plaintiff did not sign the ECMC authorization; instead he only initialed at portions of the form (id. ¶¶ 55, 57, Ex. N). These authorizations do not direct where the records were to be sent (id. ¶ 59), did not state the purpose for the disclosure (id. ¶ 60), and were not notarized (id. ¶ 61). Defendants declare these authorizations were useless and would not enable them to obtain plaintiff's records from ECMC (id. ¶ 62). On defendants' demand that plaintiff submit notarized authorizations, plaintiff's counsel responded that DOCCS refuses to provide plaintiff with a notary (id. ¶ 64, Ex. O; see Docket No. 31, Pl. Atty. Affirm. ¶ 12, Ex. 11). In this response, of July 15, 2015, plaintiff for the first time objects to the ECMC authorization on the grounds that

he need not execute ECMC's form authorization (Docket No. 29, Defs. Atty. Decl. ¶ 67), see Carovski v. Jordan, No. 06CV716, 2008 U.S. Dist. LEXIS 56180 (W.D.N.Y. July 21, 2008) (Scott, Mag. J.) (granting defense motion to compel execution of its authorization rather than one proffered by plaintiff). Defendants argue that plaintiff (either within his facility or through counsel) could arrange for notarizing these forms long ago (id. ¶ 71). Defendants seek plaintiff's medical records (and the authorizations for their release) to contest the credibility of plaintiff's allegations and the nature of his injuries (id. ¶ 75).

Since "plaintiff has not produced a single record that supports his claim of injury," defendants conclude that "plaintiff should be precluded under Rule 37(c) from offering any evidence of alleged injury for failure to comply with Fed. R. Civ. P. 26(a) and (e) and the Court's Order, requiring mandatory disclosures" (id. ¶ 76).

Plaintiff "joins in the defendants' motion to compel" but to compel DOCCS to furnish him with a notary (Docket No. 32, Pl. Memo. at 1); otherwise, plaintiff finds this motion to be without merit (id.). During the exchange between plaintiff and defendants in trying to obtain executed authorizations, plaintiff indicated that the facility was giving him difficulties in accessing a notary (id. at 5; Docket No. 31, Pl. Atty. Affirm. ¶ 11, Exs. 10, 11). Plaintiff's counsel argues that neither he nor his client have engaged in conduct that warrants Rule 37 sanction, instead DOCCS has refused to provide plaintiff access to a notary that would allow him to comply with defense demands (Docket No. 32, Pl. Memo. at 6). Plaintiff also notes the "abundance of medical records" already produced in this case (including the portion docketed in this case) (id.; see Docket No. 19, Defs. Rule 26(a) disclosure, Ex., Bates No. 000033, use of

force report, Oct. 8, 2011, Bates No. 000062, inmate injury report, Oct. 8, 2011, Bates Nos. 000133-35, photos of plaintiff).

Defendants reply that plaintiff is misleading the Court into believing that the five-month delay in executing these authorizations was due to the lack of access to a notary (Docket No. 35, Defs. Atty. Decl. ¶ 2). On August 18, 2015, plaintiff did produce an executed, notarized ECMC authorization (id. ¶¶ 3, 4-5, Exs. A, B). Defense counsel contacted the Greene Correctional Facility (where plaintiff was housed) and confirmed that an educational counselor and notary was there (id. ¶ 7). Defendants note that plaintiff raised the issue of lack of access to a notary as an eleventh hour (relative to the discovery deadline) objection and made no objection prior to this about his ability to access a notary (id. ¶¶ 8-11; Docket No. 35, Defs. Memo. at 3), concluding (pursuant to Carovski, supra, 2008 U.S. Dist. LEXIS 56180) that plaintiff waived this objection (Docket No. 35 Defs. Atty. Decl. ¶ 12; Docket No. 35, Defs. Memo. at 2; see also Docket No. 29, Defs. Atty. Decl. ¶ 67). Defendants reject the various arguments plaintiff raised in not producing the ECMC authorization (Docket No. 35, Defs. Memo. at 4-7).

Defendants conclude that, by not producing any support for his damages in initial disclosures, that he is not entitled to damages (Docket No. 35, Defs. Memo. at 7-9). They also seek to recover monetary sanctions, including attorneys' fees, for this motion (id. at 7).

## DISCUSSION

I.  Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

5

§ 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Under Rule 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery. Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into).

Rule 37(c) provides that if a party fails to provide information as required by Rule 26(a) in initial disclosure, that party is not allowed to use that information to supply evidence unless that failure to produce was substantially justified or is harmless, Fed. R. Civ. P. 37(c)(1). In addition to this sanction, that rule also provides for payment of reasonable expenses, including attorneys' fees caused by the failure, informing the jury of the failure, and other appropriate sanction under Rule 37(b)(2)(A)(i)-(vi) (including such sanctions as striking pleadings, rendering a default judgment, or staying proceedings), Fed. R. Civ. P. 37(c)(1)(A)-(C). As noted for preclusion of undisclosed expert opinion, evidentiary preclusion is a "drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous

disregard of the federal rules," McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (Heckman, Mag. J.).

Under Rule 37 or this Court's inherent power, see 28 U.S.C. § 1927, this Court has wide discretion to punish failures to conform to these discovery rules, Wapnick v. United States, No. CV 95-2025, 2001 U.S. Dist. LEXIS 22866, at *13 (E.D.N.Y. Dec. 20, 2001) (Go, Mag. J.); see Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 270 (2d Cir. 1999); Outley v. City of N.Y., 837 F.2d 587, 590 (2d Cir. 1988), with all parties (including those proceeding pro se) have a duty to comply with discovery requests and Orders, Wapnick, supra, 2001 U.S. Dist. LEXIS 22866, at *14.

Rule 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

If disclosure is provided after the motion to compel is filed, this Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Failure to comply with this Court's Order has additional sanctions including preclusion of evidence, see id., R. 37(b)(2)(A)(ii).

II.        Application

    A.        Good Faith

This motion turns on the good faith of both sides (particularly, whether every step could be taken given that plaintiff is incarcerated and has restrictions on his ability to perform despite having counsel) and whether nondisclosure was substantially justified. While counsel have corresponded on these authorizations and manifested good faith in attempting resolution of this dispute prior to Court intervention, there were steps not taken that could have avoided this motion. Plaintiff, once he had counsel and an understanding of how to execute these authorizations, had an external road block of no access to a notary within his facility. Although DOCCS is not a defendant, defense counsel (whose office also represents that department) could have sought the cooperation of the facility to arrange to have plaintiff's documents notarized, had counsel been informed of plaintiff's purported difficulty. Plaintiff's counsel could have visited his client and, assuming counsel is also a notary, could have notarized the authorizations himself. The DOCCS authorizations (Docket No. 29, Ex. M) on their face did not require notarization while the ECMC forms did. No one inquired whether ECMC required notarization (merely certifying that plaintiff is the signatory) or whether some form of proof (such as a certificate from plaintiff's counsel) would satisfy them.

    B.        Motion to Compel

Plaintiff eventually did execute and had notarized the ECMC authorization (Docket No. 35, Defs. Atty. Decl. Ex. B), but this occurred after plaintiff was transferred to another facility under DOCCS's control. From the face of the executed ECMC authorization, plaintiff's address was changed and hand written was the Greene Correctional Facility, instead of the

8

Fishkill Correctional Facility ("Fishkill"). The draft authorizations and correspondence stated plaintiff's address for this authorization were for Fishkill (see, e.g. Docket No. 29, Defs. Atty. Decl. Exs. B, N). Defendants argue that there was a notary at Greene (Docket No. 35, Defs. Atty. Reply Decl. ¶ 7) but is silent whether there was one at Fishkill where plaintiff was housed during defendants' requests. With neither side stating whether plaintiff had contacted a counselor who was a notary while housed at Fishkill (but eventually gaining access to a notary at Greene, resulting in the executed authorization), it is possible that the authorities at Fishkill may have hindered plaintiff having access to a notary, once he realized how to execute the form. That change in facility may have opened access to a notary and release of the sought form. Plaintiff's understanding of this process (both as pro se and later as represented by counsel) coupled with denial of access to a notary while in Fishkill renders his nondisclosure substantially justified.

Given that defendants did eventually obtain the sought authorization, defendants' motion to compel (Docket No. 29) is **moot**.

C. Appropriate Sanction

Even though the motion to compel is rendered moot by the disclosure, if disclosure is made (as here) in the face of a motion to compel, this Court must sanction (including attorney's fees), Fed. R. Civ. P. 37(a)(5)(A); see also id. R. 37(c)(1), unless nondisclosure was substantially justified, id., R. 37(a)(5)(A)(ii); see also id. R. 37(c)(1).

This Court determines that the bottleneck to the prompt execution of the ECMC form was the inability of plaintiff to comply fully with defense requirements. Technically, once the roadblocks appeared he could have sought defense counsel assistance or moved for a protective

9

Order, stating that he could not comply because of the lack of access to a notary. But failure to do this (or the delay here in executing the authorization) is not sanctionable conduct.

Regarding defendants' argument that plaintiff has not established his damages, the documents produced by <u>defendants</u> in their initial disclosure show some injuries to plaintiff, raising an issue of fact whether plaintiff incurred damages due to violation of his rights. Defendants' motion for preclusion of proof of plaintiff's damages **should be denied**.

Thus, so much of defendants' motion (Docket No. 29) to preclude **should be denied**.

III.  Amended Schedule

As defendants note, this motion was filed close to the discovery deadline. In scheduling briefing, this Court held that deadline in abeyance pending resolution of the motion (Docket No. 30) recognizing that this motion would be decided after the stated deadline.

Therefore (and factoring in the time for filing of objections), the Amended Scheduling Order (Docket No. 28) is amended as follows: discovery in this case now concludes on **December 21, 2015**. As a result, dispositive motions are now due by **March 21, 2016**. If no motions are filed, parties are to contact Chief Judge Geraci's Chambers by **April 4, 2016**, to arrange a pretrial conference to set a trial date.

## CONCLUSION

Based upon the above, it is recommended that defendants' motion to preclude evidence (Docket No. 29) be **denied**. So much of this motion to compel plaintiff to execute authorizations (<u>id.</u>) is **moot** since plaintiff has produced authorizations during the pendency of this motion. As explained above, this is not sanctionable under Rule 37.

The Amended Scheduling Order (Docket No. 28), held in abeyance during the pendency of defendants' motion to compel, is amended as stated above.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                       /s/ Hugh B. Scott
                                                     Hon. Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       September 23, 2015